The next case this morning is number 5-20-0013 Bumgarner v. Bumgarner. Arguing for the appellant Virgil Bumgarner as trustee is John Christensen. Arguing for the appellee Andrew Bumgarner is David Foreman. Each side will have up to 20 minutes for their argument. The appellant will also have five minutes for rebuttal. You'll see the digital timekeeping device on my screen. When time has expired, I will bang the gavel. Finally, please remember no photographs and only the clerk of the court is permitted to record these proceedings today. Counsel for the appellant, you may proceed. Thank you, Your Honor. May it please the court, this is an appeal in a partition case. The matter being appealed is the You might want to stop. It looks like Mr. Foreman is having some difficulty. We can't hear you, Mr. Foreman. Are you trying to say something? I don't think he can hear us. I believe he'll be on mute until my 20 minutes is up. This morning, he had some issues with his microphone coming off and on. It would not come on. So I think he was trying to make sure it worked before he had to argue. Our screen is not showing that he's on mute. He is not on mute. It's a microphone issue. Just counsel for. I'll start from the beginning. This is an appeal in a partition action. The issues being appealed is the apportionment of the party's attorney's fees. For relevant background, the plaintiff filed a complaint for partition and a subsequent amended complaint for partition. The defendant then filed a response to the complaint. No affirmative defenses or counterclaims were pled. All of the allegations related to the party's interests were admitted in the defendant's response. After the response was filed, an agreed order for partition was entered. The agreed order for partition found that the parties held interests as pled in the plaintiff's complaint and appointed a commissioner. The commissioner's report was then filed. The commissioner's report found that the two parcels at issue could not be equitably divided without manifest prejudice to the parties. The defendant then filed two objections to the commissioner's report seeking division in kind rather than partition by sale and also objecting to the factual conclusion of the report finding that the parcels couldn't be divided without manifest prejudice to the parties. After an evidentiary hearing, the court entered an order partitioning the parcels in kind. Subsequent to that hearing and order, the defendant filed a motion requesting attorney's fees, requesting defendant's attorney's fees, and objecting to plaintiff's attorney's fees. He also filed in support of that motion two affidavits. The affidavits contained both hearsay statements as well as statements related to purported settlement negotiations. Plaintiff's attorney filed motions to strike the motion as well as two affidavits. What's the amount of attorney fees in question? I believe it was approximately $10,000 for each of the plaintiff and $10,000 for the defendant. How did the court apportion? The court's order after the hearing on the motion for attorney's fees, it apportioned the plaintiff's attorney's fees up into the agreed order and then apportioned the defendant's fees, all of the defendant's fees subsequent to the agreed order. The defendant was granted all of the $10,000 that it requested? Correct, your honor. It was, I believe the math came out so that it was approximately net $6,000, between $6,000 and $7,000 in attorney's fees for the defendant. And this is a father-son dispute? Yes, your honor. The trustee, my client, is the father of the defendant in this case. The four issues presented for the court's review are whether or not the court abused its discretion in denying the motion to strike and considering the hearsay and settlement statements contained in the affidavits in order to determine the party's liabilities for attorney's fees, apportionment of attorney's fees, whether or not the court abused its discretion in denying plaintiff's attorney's fees beyond after the agreed order was entered, whether the court abused its discretion in granting all of defendant's attorney's fees after the agreed order was entered, and whether the objection, the defendant's objection to the commissioner's report was a defense to the complaint, which is required under the applicable section of the partition act, which is cited as 735 ILCS 5-17-125. The standards of review for all of the issues, except for the interpretation of the statute, is abuse of discretion. So in admitting the affidavit of attorney fees, Mr. Foreman was present at that hearing? Yes, your honor. And the plaintiff's counsel requested when the court denied the motions to strike the affidavits, plaintiff's counsel requested additional time to respond to those affidavits. Of course, they contained hearsay, they contained alleged statements regarding settlement negotiations. In order to properly respond to those, the plaintiff would have needed more time and would have liked an opportunity to cross-examine the witnesses. None of the statements that were contained in the affidavits were presented, none of that evidence was presented at trial, so of course this is all a surprise to the plaintiff when these issues were raised after the evidentiary hearing. And again, there was no counterclaim regarding anything, so no counterclaim or affirmative defense related to any purported settlement negotiations were raised at any time prior to the evidentiary hearing on the method of partition. Again, all of this was a surprise to the plaintiffs that these issues were going to be raised after the evidentiary hearing. As far as the court's jurisdiction, this appeal was brought after the final judgment, it was brought pursuant to rules, Supreme Court Rules 301 and 303A. The applicable rules as they apply to the request to strike the defendant's affidavits, which contain hearsay and settlement negotiations, are Illinois Rules of Evidence 802 and 408. Case law, as cited, indicates that negotiations and settlement negotiations are irrelevant, and also that parties may not, in seeking attorney's fees, parties may not introduce evidence that one party refused to settle because such evidence is inadmissible. Of course, it's irrelevant. There's no, again, without some kind of pleading indicating that settlement negotiations were a defense to the complaint or otherwise relevant, there's no indication provided why that information would be relevant to the issue of attorney's fees. The court decided to take them under advisement regardless. The court wasn't exactly clear on how they were relevant or what effect they would have on the party's attorney's fees. I'm sorry to stop you, but if one of your issues is that the defendant did not need to hire an attorney to protect his interest, aren't those settlement negotiations relevant to show that they tried to come to agreement and it wasn't, and therefore he was then required or needed to get counsel to help him in this proceeding? No, your honor, because again, he didn't need to protect his interest because his interest was properly pled. He admitted all of the allegations related to his interest in his response. Again, if he thought that there was some kind of settlement that had been reached, he should have filed a counterclaim or a counterpetition alleging the same. The settlement negotiations, by particular, are irrelevant. And again, we didn't have a chance to contradict his allegations related to the settlement negotiations, and we didn't have an opportunity to cross-examine him in relation to those settlement negotiations. At the time the affidavit was admitted, did you ask for an opportunity to examine Mr. Forman? We asked for an opportunity to prepare a response to those affidavits. Not to examine him that day? I don't believe we asked to examine him that day, and in fact, I don't even remember if he was present that day, quite frankly, your honor. So, in relation to the court's decision to deny the motion to strike and the decision to take those affidavits into consideration, we believe the court abused its discretion. The next issue is whether or not the court abused its discretion in determining whether or not plaintiff's, apportionment of plaintiff's attorney's fees beyond the agreed order. The court didn't clearly, well, I don't believe the court clearly explained why it denied plaintiff's attorney's fees beyond the agreed order. Again, it seems to have relied, the court seems to have relied on the affidavits relating to the settlement negotiations, which again are irrelevant. Under the statute, the way it reads is that either the plaintiff's fees can be apportioned or the defendant's fees can be apportioned. The defendant's fees can only be apportioned if they presented a substantial defense to the complaint. There was no defense at all. No defense was pled. The only thing that the defendant questioned in its objection to their commissioner's report was the factual conclusion of the report that the properties had to be sold. They couldn't be divided equitably without manifest prejudice. And of course, the objection is not directed at all towards the complaint or towards the plaintiff. That was an issue, a factual issue that was directed towards the commissioner's report and the commissioner itself. So that cannot be reasonably determined to be a defense to the complaint. In fact, the prayer requested, the outcome requested by the defendant was the same as the outcome requested in the complaint itself. And that is partitioned in kind unless it could be, unless it could not occur without manifest prejudice to the party. So in fact, the objection did not defeat the complaint at all, but in fact, actually carried out the remedies, one of the remedies requested in the plaintiff's complaint. The fact that defendant admitted that plaintiff's attorney's fees, at least in part, should be apportioned, by that admission, defendant shouldn't get any attorney's fees because as I stated, the statute is either or, either the plaintiff's attorney's fees can be apportioned or the defendant's attorney's fees can be apportioned, but not both. Once it's established that the plaintiff's attorney's fees should be apportioned, the question then is only the amount of the plaintiff's attorney's fees. At that point, the defendant's attorney's fees should be denied entirely because if plaintiff's attorney's fees are apportioned, that means that there was no defense to the complaint. It can't be one or the other, and I would direct this court to the, to its precedent, Bardman v. Wilson, which was a 2011 case in the fifth district, where the court found that the attorney's fees of the party that first properly pleads and sets forth the rights of all the interested parties must be apportioned. In this case, the plaintiff is the party that properly pled all of the interested party's attorney's fee, excuse me, interested party's interests. There's no, there's no question that the plaintiff properly pled the party's interests, and in fact, there's, at hearing, defendant's attorney admitted that there was no defense to the complaint. So again, the requirement under the statute is that if there's no defense and the plaintiff properly pled the party's interests, then the plaintiff's attorney's fees should be partitioned, and without a defense, the defendant's attorney's fees cannot be partitioned. Both of those elements are met in this case. There was no defense. For the defendant, admittedly so by the defendant, and the party's interests were properly pled by the plaintiff, and based on all of that, it seems to be a clear abuse of discretion because the court cannot go against the statute and essentially split how the party's attorney's fees are apportioned. It has to be one or the other, and again, because of the, because the plaintiff's first admitted complaint properly pled the party's interests, the defendant didn't need to protect his interest by hiring an attorney, regardless of the outcome, whether it was a partition by sale or partition in kind, his interest was properly pled. Well, how would you address the Harris against Johnson case that has been cited by Mr. Foreman that Mr. Foreman says that the Harris case holds that fees should only be apportioned with respect to those incurred in initiating the action, not in litigating the dispute concerning the method of partition? Well, I would say that that case is an opposite, and there's readily distinguishable. In that case, there were multiple reports that were filed. The first report that was filed by commissioner was not approved by the court and new commissioners were appointed. The second report was then denied also by the court, and the court decided to approve the first report. Well, in this case, wasn't there a trial over the method of partition? Yes, but there was only one commissioner's report. The report did not accept that part of the commissioner's report in finding that the ground could be divided, correct? Right, but again, that's how it's distinguishable, how this case is distinguishable from Harris, because in Harris, the court eventually did approve the first report and actually remanded the case back to the trial court in order to rehear the issue of attorney's fees. Notably, the court did not specify that the defendant should get attorney's fees on remand. From my reading, there's no clear indication that the defendant did get any of its attorney's fees apportioned, but again, in that case, the court did apportion plaintiff's attorney's fees. To the extent, I guess to reiterate, there was no need for the defendant to protect his interests by hiring an attorney because his interests were properly pled, they were properly protected. It's not as if he was going to get less from either in a partition in kind or a he was going to get 50 percent of the interest as the court saw fit, and there is no, there has been, is your position that he had to accept what the plaintiff wanted as far as the method of partition? He didn't have to accept what the plaintiff wanted, but again, it wasn't, the issue wasn't against the plaintiff. It was actually against the commissioner. The plaintiff was relying on the commissioner's report, the court-appointed commissioner, which found that the parcels cannot be equitably divided without manifest prejudice to the parties, and again, that's why, because his issue was with the commissioner's report and not the complaint itself, it could not have been a defense to the complaint because it wasn't even directed at the complaint, and again, what he was requesting was also requested in the complaint itself, that is, partition in kind if the properties could not be manifested, could not be partitioned without manifest prejudice to the parties, and in no way did it defeat any of the requested relief in the complaint. The issue of parcels were going to be sold, so if the parcels were going to be sold, there's no evidence presented that sale with them subject to an easement would have affected his interest, the defendant's interest, that is, and because it was divided, partitioned in kind without easements because the plaintiff didn't request easements at trial if it was going to be partitioned in kind, again, his issue is, his interest would not have been affected based on that prayer, that request by the plaintiff, and again, referring back to Bardman v. Wilson, this court's precedent, animosity and differences between the parties with regard to collateral issues will not result in an adversary proceeding to prevent a portion of the party's attorney's fees after properly pleading the party's interest, the plaintiff's attorney's fees, that is. I don't believe that the easement, request for easements was a collateral issue because the common law authority establishes collateral issues as issues outside of the complaint for partition itself, such as when there is an issue related to a will, related to heirship, issues related to divorce, where property issues arise, and those other issues resulting in the partition action. None of that was present here. Again, the only pleading was the, the only relevant pleading was the petitioner's, the plaintiff's complaint for partition, and based on all this, what the plaintiff is asking for is for the court to reverse the trial court's order limiting plaintiff's attorney's fees through the date of the agreed order in remanding with direction for a rehearing on the plaintiff's attorney's fees. We ask the court to reverse the trial court's order denying the motion to strike and reverse the trial court's order apportioning defendant's attorney's fees, and on remand, only plaintiff's attorney's fees be awarded based on the rehearing. Thank you, counsel. Counsel for Appley. Thank you, your honor. My name is David Foreman. I represent the defendant, Andrew Bumgarner, and the issue today is whether the trial court abused its discretion in appointing plaintiff's order of partition on March 27th of 2019 and then apportioning defendant's fees thereafter. Question is whether the defendant was reasonably required to retain counsel to protect his interest in the property. I submit the answer to that is yes. The issue of attorney's fees in a partition case are rather unique. Partition case in and of itself is rather unique in that sort of quasi in rem, and the theory being that when you have a partition, the right partition is absolute, and the splitting of the parties ways is for the benefit of all concern, and the object of a partition is to take two parties that own something in common and effectively grant them some form of divorce, and if that divorce can be granted in kind by a division of property, then that is what the court is required to do. In fact, that is mandated by the Partition Act, and the Partition Act in 2004 was amended to codify the law's preference for a division of property. I hate to use the word division because these two tracks have always been separate, and this one key fact drives this entire case. It drives the merits and in turn impacts the court's decision on the attorney's fees, and that is that we have a one-count complaint filed by the plaintiff to partition two separate tracks of land. These tracks of land are located in different counties. They came to ownership through different chains of titles, different deeds, different tax ID numbers, different legal descriptions. These two tracks have always been separate. They have never been one track. The only time they have been treated as one track is by the plaintiff for purposes of prosecuting this partition, and plaintiff is correct. These owners are co-owners in both parcels, and the right to partition is absolute. Your motivation in doing so doesn't matter. If you're a co-owner, you have an absolute right to decide, I want out, and I have a right of partition. The defendant did not dispute that. The defendant stipulated and agreed to the entry of an agreed order of partition. Then it became apparent that there was a dispute over how the property was to be partitioned, so that we got this straight. What happened here is that plaintiff's counsel prepared a report for the commissioner concluding that the properties, the two separate tracks, could not be divided. I submit that that's illogical, but that's what it says, and at that point it became apparent that they were trying to force a public sale on the defendant as opposed to one party getting one track, one party getting the other track with the payment of OLT to equalize the values. The defendant then objected to the conclusion, the ultimate legal conclusion reached by the commissioner, that the property could not be divided, and the law is pretty clear that that's given the reasonableness of the defendant's position and whether or not the defendant interposed a good and substantial defense to the plaintiff's claim. In this particular case, the complaint itself admits that there are two tracks. It describes track one and track two. Track one, Marion County, track two, Wayne County. The deeds were separate. The appraisal identifies the tracks separately at the record at C90, C98, and C95. In fact, the appraisal appraises each track separately and gives a value of $65,500 for the Marion County track and $75,500 for the Wayne County track. The commissioner admitted through his testimony there was no reason that this property could not be awarded one track to one party and one track to the other party with the payment of OLT, and that each could then use that track in the future as they saw fit without any undue interference from the other, which is the ultimate, and in fact, the preferred mandated result under the Partition Act. In this case, defendant did not call any experts. We did no discovery. We relied solely on their own complaint, the commissioner's report, the appraisal, and the deeds to demonstrate that this property should be divided or, I guess, apportioned in kind rather than a forced public sale, and the defendant was required to retain counsel to protect his interest in that property. Had defendant not retained counsel, plaintiff was going to sell it, and the defendant did not want the property sold. Defendant's preference was to retain 100 ownership of one of the two tracks and the defendant to do likewise with the other track and that they could proceed on, and if they wanted to sell their track, that's their prerogative. If they want to grant an easement on it, that's their prerogative. But the plaintiff was attempting to force a public sale on the defendant, and the defendant resisted, and the prior to the hearing on the method of sale, because the Partition Act breaks. So, it is your position that the dispute over the method of division is actually a defense? Yes, your honor, and I believe you correctly pointed out that that's what the Harris versus Johnson case, let me say this, plaintiff opposes this as an all-or-nothing proposition. Either plaintiff gets fees or defendant gets fees. That's not equity, and that's not accurate. The award of attorney's fees under the Partition Act is based on equity and justice, and justice is but the roles were reversed with respect to the public sale. It was the plaintiff who wanted to divide the property in kind, and the defendant insisted on a public sale. The plaintiff prevailed in that case, not the defendant. The court ordered the property divided in kind, so in doing so, the court didn't award fees after the matter was controverted as regards the method of sale. In other words, the trial court, in fact, awarded plaintiff all their fees, and the appellate court reversed and remanded it back for a determination of how, what portion of those fees were incurred prior to the that plaintiff's not entitled to recover fees after the method of sale becomes disputed. Now, as I said, in that case, the roles were reversed with respect to who wanted it sold versus divided in kind, and I believe that the Harris case is probably the single important case that we've referred to, but the defendant's position at trial was that this is a foregone conclusion. We've got two separate tracts. It's never been one tract. Nowhere in the pleadings is it treated as one tract. We've got an appraisal from the commissioner of what each tract is valued at. This is a matter of simple arithmetic, and as I've cited in my versus Rothert, where the court divided two farms amongst three children and did basically that, said, well, the commissioner's given us all the information we need to do this. We've got two tracts. We're going to lock, we're going to divide one of those tracts in half, give each one of the parties, one part of it, another part of the other part, and then the other tract we're going to give to the third party, and that settling up is a matter of simple in the eyes of the law. If what plaintiff claims is true, you could never have, you would never have a petition in kind. The issue isn't that this entire case proceeded under the misapprehension that if the property could not be divided equally, that it had to be sold. That is not the law, and it never has been the law. Going back to the Cooter case in 1856, the law has always had a preference for a division of property in kind over a forced public sale. A public sale is your last resort, not your first resort, and as I said, that legal preference is straight in the act. If you look at section 105 of the Partition Act, it's expressly stated in there. Now, prior to the trial, we wrote to the plaintiff to explain this point, say, look, these two tracts, the trial court's going to divide this with the payment of OLT. Let's just cut to the chase. You take one, we'll take the other, and we'll have a settle up and be done with it. The plaintiff refused that, and to your honor's point, it became clear defendant had to employ counsel to protect his interest in the land. Plaintiff seems to think that money is equal to land, that well, if we could have sold it and you'd still gotten half your money. That's not the point. Our point is we want the land. We're not interested in selling. That's the prerogative of an owner, and that's the reason why there's a legal preference built into the Partition Act to favor a division in kind over a forced public sale, and in this particular case, there was zero case law to support the plaintiff's insistence on a forced public sale. There was zero case law to support the plaintiff's request that easements be imposed on the property. The court can remove clouds on title in a partition, but it can't create them. It can't create burdens on the property and then order it sold. That's not part of the court's jurisdiction in a partition case, so the plaintiff would have the defendant pay half of plaintiff's fees for pursuing two absolutely meritless positions on top of having to pay his own fees, and the equity and justice under the fee provision of the Partition Act has a fee shifting aspect to it where it says the parties are entering into a calculated risk of what they are going to do and how they are going to proceed, and I O'Connell case that I've cited in my brief refers to that. That is the position that a defendant or a party is put in, is looking to do I risk trying to defend this, and if I lose my fees, I'm going to have to pay all my attorney's fees plus the plaintiff's fees are going to be a portion. Well, the plaintiff likewise is placed in a similar position if they insist on pursuing a forced public sale where there is no authority to support it. In other words, the plaintiff insisted on pursuing a public sale despite any authority to that, and despite the fact that this had these two tracks have never been one track, they've always been separate, and force the to retain ownership of at least one of those two tracks involved. I believe that the court had no choice but to do what it did, and plaintiff pointed that out before we had the trial, and the defendant persisted enforcing this trial upon defendant. Defendant, keep in mind that the defendant can recover fees even if they're not successful sometimes, and the plaintiff will not recover fees even if they're successful. It's whether the defense is good and substantial, not whether or not it prevailed. In this particular case, defendant did prevail. Our defense certainly was good and substantial. It was that the property had to be awarded one to each party with the payment of a loyalty to equalize the values, that no easement should be imposed upon the property, and that the court should, we later then came back on the issue of fees. So the element of surprise that plaintiff claims, I really don't understand because the court set a hearing on the fee issue. I filed an affidavit saying these are my fees, and an affidavit from my client saying look, we tried everything we could to avoid this. This is not a case where you're admitting a correspondence from a defendant as some sort of admission of negligence in a fender bender case. This is a post-trial motion in a partition action over the issue of fees where the judge, and the judge did clearly, clearly in the record, you will see where the court says I'm admitting this for the limited purpose of demonstrating the defendant's need to employ counsel. I believe he referred to that multiple times because the plaintiff made multiple objections at the hearing on that issue. So the court took that evidence simply as proof that the defendant was required to employ counsel to protect his interest in the property. One other item I'd like you to address, and that's your request for attorney fees on appeal. Well your honor, that is an issue that I have not, I have not found a single case that addresses it, and I must confess I'm not sure procedurally how that is handled, but my point is is not only were we forced to defend a cause, have a trial over two meritless points, but then plaintiff doubles down on it and files an appeal where the amount in controversy is $11,522.66. In my opinion, the necessity of today's hearing and filing briefs is part of that good and substantial defense. It is a continuation of the defense that started at the trial court level and has continued, and I believe that in equity and justice, in all fairness, the defendant should not be burdened with having to pay counsel fees on appeal of what I believe to be a meritless appeal. Am I correct in remembering that you had requested this as a sanction though? No your honor, I did not request it as a sanction. Okay. Your honor, we, well I didn't request the fees on appeal as a sanction, I just referred to it in my brief as a logical extension of the argument that we're making with respect to the fees before the trial court, and it stands to reason to me that the same thing, the plaintiff is not They're just griping about the fees, and the standard on review is abuse of discretion where the court is to be guided by principles of equity and justice. Again, there seems to be, plaintiff assumed that the property had to be divided equally. That was incorrect. Plaintiff here seems to assume that well as long as I've identified the interest correctly in the complaint, and I have a right to partition, then you have to pay plaintiff's fees regardless. I challenge that proposition and say that is not the case. It is not an all or nothing issue. It is based upon the facts of that particular case, and in this particular case, yes, we did not, we did not dispute their fees prior to the entry of order. We stipulated to that. It's the fees after you're trying to force a public sale on the defendant that we disputed, and it's those fees that we sought to recover, and as respects the arithmetic, I believe that there is a, in the record, at C-202 is a spreadsheet where we went through the arithmetic, and I submit plaintiff is fortunate because the statute actually says, section 125, that where the defendant has a good and substantial defense, the defendant shall recover fees, and arguably, we could recover all of our fees, not just apportion them, so I believe that the plaintiff is fortunate that the court didn't order the plaintiff to pay all of defendant's fees. So, your honor, in a nutshell, this property has always been two tracks. There was never any doubt whatsoever that what the underlying result was going to be, and we had to try a case in order to protect the defendant's interest in his right to at least retain ownership of one of those two tracks and to avoid having our interest sold. Thank you. Thank you, counsel. Rebuttal. Need to stop, Mr. Crist, until you're off mute. Sorry about that. To address some of the case law that was discussed in Harris v. Johnson, again, only one party was awarded attorney's fees in that. The plaintiff got, was awarded attorney's fees. It was not a mixture of defendant and a plaintiff getting attorney's fees. Again, our position is that only one party can receive attorney's fees, either plaintiff or defendant. Defendant has admitted that plaintiff should be awarded at least part of its attorney's fees. The question, at least the question in Harris v. Johnson would be, then, how much? There is no question in Harris v. Johnson if defendant should get. The only question is, much plaintiff should get. The statute says, unless the defendant or some of them interpose a good and substantial defense to the complaint, in such case, the party or parties making such substantial defense shall recover their costs against the plaintiff, according to justice and equity. You don't disagree with the statute, do you? No, in fact, I'm saying what the statute provides is that it is either or. It's plaintiff gets it unless defendant presents a defense. Again, here there was no defense. The previous part of the statute says the court shall apportion the costs among the parties as is usual and customary for making sales of real estate and reasonable fee for plaintiff's attorney, so that each party shall pay his or her equitable portion thereof, unless defendants or some of them interpose a good and substantial defense to the complaint. So, your position is that the partition act provides that either one party gets fees or the other, no apportionment. That's correct, your honor. It's either the plaintiff or the defendant. It's not both. Again, I believe that's the reason for the unless language. It's one or the other. And again, the case decided, referring back to Rothert v. Rothert, only one party got attorney's fees in that case also. The plaintiff got their attorney's fees because the plaintiff properly pled the party's interest, which is, again, what we're arguing here. These cases that are cited do not contradict our arguments. In fact, they support them. And then also, referring to Jackson v. O'Connell, there was a counterclaim filed in that case. There was a counterclaim filed because the initial pleading, the plaintiff's pleadings, did not properly allege the interests of the parties. That's not the case here. That case is readily distinguishable because, again, plaintiff properly pled the party's interests. The party's interests were the plaintiff's. There was no question. There were no counterclaims. There were no affirmative defenses or anything like that in an attempt to defeat the claim, the plaintiff's complaint. And again, the plaintiff's complaint, the relief requested, and it was actually granted, one of the reliefs requested was partition in kind. That is what occurred. There was no defense. It's illogical to argue that somehow requesting partition in kind defeated or could have defeated the complaint when that is one of the remedies requested in the complaint. Did the complaint specifically ask for a sale of the property? Yes, Your Honor. I believe it was paragraph G, but it was specifically requested. The language, if I remember correctly, it was partition in kind unless it cannot be manifestly, and if it cannot be divided without manifest prejudice, then to be sold. The language is clear in the complaint, in the first admitting complaint. It's partition in kind or, if not possible, then partition by sale. The defendant keeps referring to a forced sale. We were not trying to force a sale. We were trying to establish and we were relying on the commissioner's report. Who actually prepared the commissioner's report? I sent two templates, two report templates to the commissioner. One was with the, if it were to be division in kind with blanks where he would fill in for the legal description of how to divide the parcels. The other template was in case it was not divisible, in which case there were blanks for the values. These two parcels are in two counties. That's why there's two chains of titles. That's why there's two PIN numbers. They're always going to be separate unless the counties merge. I don't know how that's relevant, but it's impossible to treat them as one when they're on different counties, and that's why they've always been separate. Why would it not be possible, equitably possible, to partition by giving each party one of those? I mean, I'm not understanding the commissioner's rationale if you send him two templates why he chose the one he did if both pieces of property are in two different counties with two different descriptions. Again, that's the commissioner's conclusion, not ours. We were relying on the defendant seems to conflate the commissioner's report with our pleading. They are two completely separate documents. The commissioner is not a party. The objection to his report was not directed at our complaint whatsoever. It cannot be, and for that reason alone, it can't be considered a defense to our complaint. Was there ever any testimony from the commissioner? Was there ever any explanation from the commissioner as to why he chose to sell the property? His testimony was essentially that there are two different sizes. The parcels contain 1.4 acres difference between one parcel and the other. Right, and the parcels contain different amounts of tillable land, different values of tillable land. The income, both of them, I believe, in their CRP program, one receives more income than the other. So there are several ways in which they are not alike, aside from the mere size. Again, because of the quality of land and also because of the amount of income derived from the land, those were a couple of the distinguishable factors that made them. Did the commissioner understand the concept of loyalty in terms of being able to even out the financial equity of the two properties? Based on his testimony, it seems he did not, but again, that was, you know, if the defendant could have contacted the commissioner ahead of if he felt it was needed. But again, that's the commissioner's report. That has nothing to do with the complaint. We relied on the report, and again, there was no evidence other than the report. The defendant didn't present any evidence that it was divisible. He didn't present any expert witness to say it was equitably, it could have been equitably divided. They simply relied on the appraised values for each tract, and again, there are two values because the tracts are in different counties, so they had to be treated as separate tracts because, well, simply for that reason. Do we know when the defendant first realized what the commissioner's report stated in regard to his decision to sell the property? I mean, was it at the hearing? Was it it was submitted to the court, or did the commissioner submit his report to both parties prior to submitting it to the court? The commissioner, I believe this was at a time the defendant had two different attorneys during the process. He had, in fact, the first attorney withdrew the day of the first scheduled evidentiary hearing. If I remember correctly, the commissioner's report was sent to both attorneys after it was completed. I filed it with the court, so defendant's second attorney would have been aware of the report when he was hired. I can't speak for what, when exactly the first defendant's attorney would have been aware. But it would have been, so the second attorney, who I'm assuming is Mr. Foreman, um, was, uh, potentially first made aware of the report after it had been filed with the court. Correct. It would have been, it was filed with the court before he entered appearance. So at least with, in regard to Mr. Foreman, he had no opportunity to, uh, address the commissioner's report with the commissioner prior to being, being filed with the court. Correct. But defendant's first attorney could have. Sure. But we don't know that for a fact. Well, I mean, the defendant's attorney was aware of, he agreed to the commissioner, the named commissioner being appointed. He could have contacted the commissioner at any time. But not at, but my question is, did he see or know what the commissioner's report looked like prior to his withdrawal from the case or prior to it being filed with the court? He would do, the first objection, the defendant's first objection to the report was filed by Mr. Zanten, the first attorney, the first defendant's attorney. So he would have known about it prior to him withdrawing. As I stated, I believe the commissioner's report was sent to both attorneys, both myself and Mr. Zanten, before it was filed. And I know I, I shared it with Mr. Zanten before I filed it. So it's. But ultimately it's not the commissioner's decision as to what, if it's sold or if it's partitioned in kind. So it's up to the court. Right. It's right. It's the court's decision again, why, and that's why I don't believe the term of forced sale is appropriate because it's the court's determination. We can't force something on the parties. We could ask that the commissioner's report be approved or denied and the, you know, it's up to the court. Again, there was no evidence contrary to the commissioner's report that was presented. So we had no reason to not rely on the commissioner's report. So had the defendant not filed his, what he's terming his defense to the, to the complaint, the court most likely would have adopted the commissioner's finding and sold the properties. I can only speculate if, I mean, they could have, we would have had to have an evidentiary hearing, regardless of the partition statute requires an evidentiary hearing. So he could have, you know, made his arguments based on, you know, he still could have cross-examined and made or presented other evidence at the hearing, even without the objection having been filed. Because again, there would have been an evidentiary hearing either way. Okay. Thank you. Thank you counsel. Unless there are any other questions, come on for me. Court will take the matter under advisement and issue its decision in due course.